PARK LAUNDRY CO. v. SASSONE et al.

(Supreme Court, Appellate Term. February 7, 1908.)

1. LANDLORD AND TENANT—SUMMARY PROCEEDINGS—REMEDY OF SUBTENANT—APPEAL.

On the denial of the motion of a subtenant to open a default order of eviction in dispossess proceedings against a tenant and "John Doe, alleged assignee of the lease of" the tenant, the remedy of the subtenant is by appeal from the order denying the motion, and not by appeal from the order of eviction because of technical defects therein.

2. SAME—PETITION—SUFFICIENCY.

A petition in summary proceedings to dispossess a tenant, made by the secretary of plaintiff, a corporation, showing that fact and that plaintiff had a lease on the premises, and had subleased the same to defendant, was sufficient within Code Civ. Proc. § 2235, requiring the petition to be made by the landlord or his legal representative or agent.

3. SAME—RIGHT OF SUBTENANT.

A subtenant in dispossess proceedings has no better standing than the tenant, as he must be held to have taken the lease with constructive knowledge of the situation between the landlord and the tenant.

Appeal from Municipal Court, Borough of Manhattan, Fourteenth District.

Action by the Park Laundry Company against John Sassone and others. From a final order in summary proceedings, rendered on de-

fault in favor of the landlord, Albert Bonomo, assignee of the lease of Sassone & Rozanes, appeals. Dismissed.

Argued before GILDERSLEEVE, P. J., and SEABURY and GERARD, JJ.

George Malraison, for appellant.
A. Frank Cowen, for respondent.

PER CURIAM. Plaintiff leased certain premises to the firm of Sassone & Rozanes. Subsequently it commenced proceedings to evict said tenants on the ground that they were carrying on an illegal business on said premises; i. e., the making of obscene pictures. Chapter 583, p. 895, of the Laws of 1873, provides that where a tenant uses the leased premises for illegal trade or business the lease becomes void, and the landlord may enter into possession and evict the tenant. In the dispossess proceedings a final order of eviction was obtained by default. Sassone & Rozanes assigned their lease to one Bonomo, who has never had possession, however, of the premises. Bonomo made a motion to open the default in the dispossess proceedings, having been made a party thereto under the designation of "John Doe, alleged assignee of the lease of Sassone & Rozanes." The motion was denied. Bonomo appeals only from the final order itself, claiming certain technical defects therein.

This he cannot do. His remedy was to have appealed from the order denying his motion to open his default. There is no real merit in the appeal. Section 2235 of the Code requires the petition to be made by the landlord or lessor, or his legal representative, agent, or assign. The petition is made by Leon Mayer, who shows that the plaintiff corporation has a lease of the premises and subleased the same to Sassone & Rozanes; also that Mayer is the secretary of plaintiff, and, therefore, an officer and agent of the said corporation. It cannot be said that there is a jurisdictional defect in the petition, and the equities clearly are in favor of plaintiff. The subtenant, Bonomo, has no better standing than Sassone & Rozanes, especially as he must be held to have taken the lease with constructive knowledge at least of the situation between plaintiff and Sassone & Rozanes.

Appeal dismissed, with costs.

SEABURY, J., concurs in result.